**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| CAROL LYNN HARMON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:12CV00539-BSM-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for Disability Insurance benefits.  Both parties have submitted briefs in support of their respective positions.  And on March 26, 2013, the Court held oral argument in the matter.  Plaintiff was represented by Ms. Fritzie M. Vammen, Esq., and the Commissioner was represented by Special Assistant United States Attorney Stuart Lipke so the matter is ripe for a decision.

---

[1]Carolyn W. Colvin was sworn in as Acting Commissioner of the Social Security Administration on February 14, 2013, replacing Michael Astrue.  She has therefore been substituted as the defendant in this case pursuant to Fed.R.Civ.P. 25(d)(1).

2

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act.  Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A); 1382c(3)(A)(B).

Ms. Harmon was 45 years old at the time of the Administrative Law Judge's (ALJ) decision.  (Tr. 23, 34.)  She has a high school education and received two years of culinary school training.  (Tr. 36.)

Ms. Harmon has extensive medical records over several years that show frequent, debilitating pain that is not always controlled by medication.  Nevertheless, the ALJ largely

relied on the testimony of a non-treating consulting physician as well as Plaintiff's day to day activities to determine that she did not qualify for disability insurance benefits. The ALJ reported that Patricia A. Knott, M.D., "performed an Orthopedic Evaluation and noted that [Plaintiff] exhibited intact sensation and 5/5 motor strength in her upper extremities, bilaterally.  Dr. Knott also specifically noted that [she] was able to handle objects 'well' during the examination." (Tr. 19.)  The ALJ also focused on evidence of record showing Ms. Harmon was able to care for "her two dogs, drive a vehicle, prepare meals, do laundry, wash dishes, clean counters, use a computer, and shop."  (Tr. 20.)  The ALJ also noted that the evidence revealed Plaintiff had " fallen while climbing onto a boat in June of 2010."  *Id.*

Plaintiff, however, provided the Commissioner with detailed doctors' notes from her treating neurologist and rheumatologist showing she experiences marked pain and limitation.  (Tr. 229-256, 261-284, 298-9, 305-307, 345-348.)    For example, neurologist David Oberlander, M.D., wrote, "the patient's headaches and neck pain points towards possible discogenic origin here. Her headaches themselves appear to be mixed on the migraine - muscle contraction continuum.  She also has a great deal of neck pain as well with radiation into the shoulders and into the arms. . . ."  (Tr. 231.)  Rheumatologist Columbus Brown, M.D., reported, "Generalized osteoarthritis with some suggestion of an inflammatory arthritis based on response to steroid and elevated SedRate and Rheumatoid factor in the recent past. All other evidence points towards generalized osteoarthritis vs. fibromyalgia syndrome since she has no significant findings on exam to suggest inflammatory arthritis."  (Tr. 262.) Plaintiff also submitted a report of magnetic resonance imaging (MRI) showing disc bulging

in her cervical spine.  (Tr. 232.)

In addition, Drs. Oberlander and Brown provided statements indicating Plaintiff was unable to perform any work related activities.  (Tr. 260, 348.)  It is these statements that have become a main point of contention.  Counsel for the Commissioner argues that the letters overstate Plaintiff's limitations.  The Court agrees.  Dr. Brown states Ms. Harmon is unable to stand or walk for longer than 15 to 20 minutes without having to sit and rest for at least 5 minutes.  (Tr. 260.)  Dr. Oberlander provides the same limitation on sitting or standing and says Ms. Harmon can only lift 5 pounds occasionally and can lift nothing frequently.  (Tr. 348.)  The medical evidence indeed fails to support limitation to this degree.  But the ALJ gave "no weight" to either of Plaintiff's treating doctors, (Tr. 21.), and the record also fails to support this conclusion.  The treatment records of Drs. Oberlander and Brown, along with the MRI evidence, show that Plaintiff has marked limitation and experiences debilitating pain.  And given this objective medical evidence, the Court concludes Plaintiff has provided substantial evidence that she suffers from significant limitations in her ability to perform work related activities.  Accordingly, the Court finds that the decision of the ALJ is not supported by substantial evidence.

Furthermore, the Court is convinced that the record was adequately developed, so remanding this case for additional evidence would be fruitless.  Instead, the Court finds ample evidence on the record to support an outright reversal of the Commissioner.  Reversal rather than remand is appropriate when remand would serve no practical purpose. The ruling of the Commissioner must be reversed and the matter remanded for purposes of calculating

benefits.

THEREFORE IT IS RECOMMENDED that:

The decision of the Commissioner be REVERSED and this matter be remanded for

calculation of benefits.

DATED this 29th day of March, 2013.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE